IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Number 09-273 |
| | ) | |
| ISAIAH WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

On March 23, 2010, Defendant Isaiah Warren ("defendant") filed a motion to reconsider

the denial of appeal of order of detention.   (Docket No. 234.)   In the motion, defendant argues

evidence exists that directly addresses many of the concerns that caused the court to deny

defendant's request for release.   After reviewing the motion to reconsider, the accompanying

exhibits to the motion, and the government's response (Docket No. 256), the court denies

defendant's motion.

*Background*

On September 15, 2009, a grand jury returned an indictment at Criminal No. 09-273

charging defendant with one count of conspiracy to possess with intent to distribute and

distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.   (Docket No. 1.)

On November 2, 2009, a magistrate judge held a detention hearing.   (Docket No. 104.)   The

magistrate judge entered an order of detention of defendant pending trial.   (Docket No. 105.)

On November 5, 2009, defendant appealed to this court, requesting that it review the order of

1

detention.   (Docket No. 106.)   This court held a hearing on the appeal on November 23, 2009,

and affirmed on the record the original detention order.   On December 4, 2009, the court set

forth its ruling in writing.   (Docket No. 141.)   On December 8, 2009, a grand jury returned a

superseding indictment.   (Docket No. 145.)   Defendant faced the same charges in the

superseding indictment as he faced in the original indictment.   (Id.)

On March 23, 2010, defendant filed the instant motion.   (Docket No. 234.)   In the

motion to reconsider, defendant explains that in his household there were several legitimate

sources of cash during the relevant time period.   (Id.)   He alleges that these sources were

sufficient to support his lifestyle and his purchases.   (Id.)   Defendant argues that these sources

of cash rebut the 18 U.S.C. § 3142(e) presumption that there were no conditions of release that

could reasonably ensure the safety of the community.   (Id.)

### *Discussion*

Defendant requests that this court reconsider its denial of his appeal of the order of

detention.   A motion for reconsideration is granted only if one of three situations is shown: (1)

an intervening change in controlling law; (2) the availability of new evidence that was not

previously available, or (3) the need to correct a clear error of law or to prevent manifest

injustice.   Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)

(citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171

(1986)).

> Because of the interest in finality, at least at the district court level,
> motions for reconsideration should be granted sparingly; the parties
> are not free to relitigate issues the court has already decided. . . .
> Stated another way, a motion for reconsideration is not properly
> grounded in a request for a district court to rethink a decision it has

already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).   At

least one other district court has applied this standard to a motion for reconsideration of a

detention decision.   See United States v. Merola, No. 08-327, 2008 WL 4449624, at **1-2

(D.N.J. Sept. 30, 2008).

Defendant makes no argument with respect to the factors relevant to reconsideration.

Defendant does not argue that there has been a change in the controlling law.   Nor does

defendant argue that there is a need to correct manifest errors of law or fact or to prevent

manifest injustice.

Even though defendant attaches several exhibits to the motion to reconsider, defendant

fails to show that these exhibits are new pieces of evidence that were not previously available.

Exhibit 2 is a pay stub for Crystal Everett from PRC LLC, indicating a pay date of September 11,

2009.   (Docket No. 234, Ex. 2.)   Exhibit 4 is IRS form 8879 (e-file signature authorization

form) for Isaiah Warren dated January 26, 2009.   (Docket No. 234, Ex. 4.)   These exhibits were

in existence prior to the November 23, 2009 hearing and were available on that date.

Exhibit 1 is a collection of 2009 W-2 statements.   (Docket No. 234, Ex. 1.)   It includes a

W-2 statement for Isaiah Warren from GAP, Inc., and a W-2 statement for Crystal Everett from

PRC LLC.   (Id.)   Although the W-2 statements were not available at the time of November 23,

2009 hearing, the information that the statements verify – the amount of money earned by

defendant and Crystal Everett – would have been known and available.   Pay stubs, bank records,

or testimony could have been offered as evidence to establish the same facts.   See Olujoke v.

Gonzales, 411 F.3d 16, 23 (1st Cir. 2005) (treating a motion as a motion to reopen an

immigration hearing, requiring the movant to identify "previously unavailable, material

evidence," and denying the motion to reopen because, although a psychological report was issued after the hearing, the information underlying the report was previously available); Drux v. Megasol Cosmetic GMBH, No. 03-CV-8820, 2006 WL 870462, at *2 (S.D.N.Y. Apr. 3, 2006) (drawing a distinction between "newly discovered evidence" as is necessary for granting a motion for reconsideration, and "new evidence" in a form created after the court rendered its decision but of which the party would have known of its existence in a different form prior to the decision).

Exhibit 3 is an unsworn declaration of Diana Warren, defendant's mother, dated December 14, 2009.   (Docket No. 234, Ex. 3.)   In the declaration, Diana Warren states that in July 2009 she gave defendant $3000 cash from her own savings, in order for defendant to purchase a Coverall Cleaning franchise.   (Id.)   This information would have been known prior to the November 23, 2009 hearing, and defendant could have earlier created the declaration or he could have introduced testimony at the hearing to substantiate the statements in the declaration.

Exhibit 5 is a rental invoice from RE/DEALS Inc. dated March 18, 2010.   (Docket No. 234, Ex. 5.)   The invoice indicates that monthly rent was paid in the amount of $400 from March 2009 to August 2009.   (Id.)   Defendant argues that this invoice is for a residence located at 1210 Craig Street that defendant shared with Tameka Adams until August or September 2009. Defendant's rental payments between March 2009 and August 2009, however, could have been established by other information available at the time of the November 23, 2009 hearing. Defendant could have obtained an invoice prior to the hearing, or he could have introduced rental receipts or testimony to establish rental payments.

Since all the information contained in the exhibits defendant submits with his motion to reconsider was available prior to the November 23, 2009 hearing, defendant cannot establish the

availability of new evidence that would justify reconsideration.   Defendant's motion is therefore

denied.

To the extent the court views defendant's motion as a motion to reopen a detention

hearing, a similar analysis applies.   In United States v. Dillon, 938 F.2d 1412 (1st Cir. 1991), the

defendant was ordered detained by magistrate judge, and the district court agreed.   Id. at

1414-15.   The defendant obtained new counsel, and the new counsel moved the district court to

reopen the detention hearing under 18 U.S.C. § 3142(f)(2), which provides that a "hearing may

be reopened before or after a determination by the judicial officer, at any time before trial if the

judicial officer finds that information exists that was not known to the movant at the time of the

hearing" and such information is relevant to the rebuttable presumption.   Id. at 1415.   The

motion requested that the court consider 18 affidavits from individuals who knew the defendant.

The affidavits asserted that, if released, the defendant would not pose any danger or threat to the

community and he would appear at court hearings.   The district court denied the motion,

rejecting the defendant's contention that the letters and affidavits were "information . . . not

known to the movant at the time of the hearing" because the affidavits were not in existence at

the time of the hearing.   Id.   The district court explained that the defendant could have

obtained the affidavits and letters prior to the hearing, or he could have arranged for the personal

appearance of witnesses.   The Court of Appeals for the First Circuit affirmed the district court's

decision to not reopen the detention hearing.   Id.

For the reasons already explained, the evidence pointed to by defendant in his motion to

reconsider is not "information . . . that was not known to the movant at the time of the hearing."

18 U.S.C. § 3142(f)(2).   Several of the exhibits are dated prior to November 23, 2009 hearing,

and these exhibits would have contained information known by defendant prior to hearing.

Although several other exhibits were created sometime after November 23, 2009, the information contained in those exhibits was known by defendant and could have been presented at the hearing in other formats – other exhibits, testimony, etc.   Following Dillon, defendant is not entitled to reopen the hearing under § 3142(f).   See United States v. Costanzo, No. 2:08-cr-365, 2009 WL 2058725, at *1 (W.D. Pa. July 15, 2009) (refusing to reopen a detention hearing because the defendant presented evidence similar to that presented in Dillon).

Even if the information contained in the exhibits attached to defendant's motion had been presented at the November 23, 2009 hearing, the information would not, without additional information, warrant a different outcome.   For example, evidence of the incomes of Tameka Adams and Crystal Everett does not show that those individuals paid rent on defendant's behalf or provided funds to defendant to support his children and him.   There is no evidence that defendant had access to and utilized these funds.   In addition, a number of factors resulted in the court's decision to detain defendant, including the nature of the charges, defendant's failure to comply with previous conditions of supervision, and the rebuttable presumption that that there is no combination of conditions that would reasonably assure the safety of the community if defendant is released.   Defendant also was, at the time of the instant offense and at the time of his arrest, on supervised release as part of a sentence for a conviction unrelated to the current offense.   Defendant offers no evidence to counter these factors that weigh in favor of detaining defendant.

Defendant fails to present one of the three scenarios that must exist in order for the court to grant his motion to reconsider.   To the extent defendant requests that the court reopen his detention hearing, defendant additionally fails to meet the criteria for such relief.   Even if the court considered the evidence raised in defendant's motion, the court would not alter its prior

decision.    Defendant's motion to reconsider, therefore, is DENIED.

Dated:   May 11, 2010

By the court:

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:    Counsel of Record
       United States Pretrial Services/Probation Office